# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2022

Lyle W. Cayce
Clerk

No. 21-20501

---

Mike Mendoza, Jr.,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
No. 4:20-CV-3083

---

ON MOTION FOR RECONSIDERATION
AND REHEARING EN BANC

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Because no member of the panel or judge in regular active service requested that the court be polled on rehearing en banc (Fed. R. App. P. 35

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and 5th Cir. R. 35), the petition for rehearing en banc is DENIED. Appellant's motion for reconsideration is GRANTED. The prior order is withdrawn, and the following opinion is substituted:

Mike Mendoza, Jr., Texas prisoner # 1223739, moves for a certificate of appealability (COA) from the district court's dismissal of his 28 U.S.C. § 2254 petition as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). We DENY Mendoza's motion.

In January 2003, Mendoza and several friends—all members of a gang called the Texas Syndicate—got into an altercation with Isaac Benavides at Benavides' home. Benavides was beaten and repeatedly stabbed, leading to his death. Mendoza was indicted for the murder. *Mendoza v. State*, 2004 WL 2538280 (Tex. App. Nov. 10, 2004). Before trial, the state trial court disqualified Mendoza's counsel for also representing his brother, over Mendoza's objection. Mendoza now complains that this disqualification upset his chosen trial strategy, prejudicing him.

At trial, the State introduced testimony from several individuals present at the murder, including from some men who participated in the beating who then cooperated as witnesses for the State. Several witnesses testified that they saw Mendoza "jabbing" at Benavides. *Mendoza*, 2004 WL 2538280, at *2. Another witness led the police to a knife he said Mendoza discarded after stabbing Benavides. The State also presented DNA evidence showing that Benavides' blood was found on the knife. A cooperating witness—the leader of the Texas Syndicate who participated in the beating— wore a wire to secretly record a conversation, in Spanish, with Mendoza. The witness told Mendoza he heard that Benavides was stabbed 38 times, but Mendoza replied that he did not stab the complainant 38 times but had "hit" Benavides about four times. *Id.* at *5. The State showed a translated transcript of the conversation to the jury, over Mendoza's objection. A jury

No. 21-20501

convicted Mendoza of murder, and he was sentenced to life imprisonment. In November 2004, a Texas intermediate appeals court affirmed Mendoza's sentence against Mendoza's argument that the evidence was insufficient to support a guilty verdict. *Id.* at *6. Mendoza did not seek discretionary review with the Texas Court of Criminal Appeals.

On December 2, 2020, Mendoza, acting pro se, filed this 28 U.S.C. § 2254 petition challenging his murder conviction. He submitted various filings from a 2009 federal prosecution against Mendoza and the Texas Syndicate. In addition to raising various constitutional claims, Mendoza argued that his petition was not time-barred because he had identified newly discovered evidence showing that he is innocent of the murder. The district court ordered him to show cause why his petition should not be dismissed as time barred. Mendoza conceded his petition was untimely but argued he was entitled to equitable tolling because his counsel abandoned him. Mendoza did not, however, further press his contention that newly discovered evidence showing his innocence gave the district court jurisdiction over this § 2254 petition.

The district court dismissed Mendoza's § 2254 petition as time barred. It found his conviction was affirmed on November 4, 2004, and became final on December 4, 2004, when the time for seeking discretionary review had lapsed. The district court noted Mendoza did not show that state action impeded him from timely filing his federal petition under 28 U.S.C. § 2244(d)(1)(B), that his petition was based on a newly recognized constitutional right under § 2244(d)(1)(C), or that § 2244(d)(1)(D) applied. It also found he did not show that he was entitled to equitable tolling of the limitations period. The district court further denied a COA. But the district court did not address Mendoza's claim that newly discovered evidence demonstrates his innocence.

No. 21-20501

Mendoza timely petitioned this court for a COA. We initially denied Mendoza a COA, noting that this petition is late and concluding that Mendoza forfeited his actual innocence argument by failing to raise it below. But under our liberal pro se pleading standards, Mendoza adequately raised his actual innocence claim before the district court—it was central to his petition even if he did not raise it in response to the district court's show cause order. This claim is significant, as the Supreme Court has indicated that a colorable claim of actual innocence can, in rare situations, afford jurisdiction over an otherwise time-barred habeas petition. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (holding that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [even if] the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). As a threshold matter, a credible gateway "claim [of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And Mendoza at least purported to show newly discovered evidence demonstrating his innocence. The district court therefore should have addressed whether Mendoza's actual-innocence argument enabled jurisdiction over this otherwise time-barred petition.

But unless a COA issues, we lack jurisdiction to consider the merits of Mendoza's petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). And we are unable to grant a COA merely on the issue of timeliness. *See U.S. v. Castro*, 30 F.4th 240, 244 (2022). Thus, because Mendoza's habeas petition is indisputably late, he is only entitled to a COA if he identifies newly discovered, reliable exculpatory evidence *and* makes a substantial showing of a denial of a constitutional right. *See Schlup*, 513 U.S. at 324. Examples of "new reliable evidence" are "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Id.* "The habeas court

4

must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted . . . and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328. We must "make a probabilistic determination about what reasonable, properly instructed jurors would do" after considering all of the evidence. *Id.* at 329.

As noted above, the gateway actual innocence standard is "demanding" and satisfied only in the "rare" and "extraordinary" case where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (internal quotation marks and citations omitted). Mendoza has not made such a showing. First, much of the evidence to which he points is not new. He contends that a transcript of a recorded conversation between Mendoza and a confidential informant shows that the state's witnesses admitted that the victim had a gun. But the record reveals that this information was available during Mendoza's state criminal proceedings. Mendoza also complains that he was coerced into confessing by a confidential informant, who was also the leader of Mendoza's gang. But this argument was available to Mendoza during his initial trial; his counsel unsuccessfully moved to suppress the statement on these grounds. Finally, Mendoza attaches information relating to DNA evidence and stab wounds. But this line of argument was raised and rejected in Mendoza's direct appeal. *See Mendoza*, 2004 WL 2538280, at *5. Mendoza's evidentiary arguments thus all amount to an improper attempt to re-litigate the merits of the state court proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Mendoza's most compelling claim is that he was denied the counsel of his choice. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–625 (1989).

("[T]he Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds."). Even assuming that Mendoza need not show newly discovered evidence for this claim, *see Gomez v. Jaimet*, 350 F.3d 673, 679–80 (7th Cir. 2003) ("[W]here the underlying constitutional violation claimed is the ineffective assistance of counsel premised on a failure to present evidence, a requirement that new evidence be unknown to the defense at the time of trial would operate as a roadblock to the actual innocence gateway"), Mendoza cannot "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Mendoza's argument rests on an affidavit from his (now deceased) counsel of choice stating that "perhaps" Mendoza's case "may have been different" had chosen counsel been permitted to represent him. Yet Mendoza's complaints pertain almost entirely to his substitute counsel's failure to impeach witnesses. Such failures do not amount to evidence of innocence "so strong" as to undermine confidence in the jury's verdict. *McQuiggin*, 569 U.S. at 401. *Cf. Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir. 2012) ("[M]ere impeachment evidence is generally not sufficient to satisfy the [actual innocence gateway] standard.").

Accordingly, Mendoza's actual-innocence evidence, even if new, is not adequate to show that no reasonable juror would have convicted him. *See McQuiggin*, 569 U.S. at 399-400. He thus cannot overcome procedural default. Accordingly, Mendoza's request for a COA is DENIED.